E-FILED
Friday, 18 April, 2025  03:07:36 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

|  |  |
|---|---|
| DOMINICK POLIZZI,<br><br>    Plaintiff,<br><br>    vs.<br><br>THE CARLE FOUNDATION HOSPITAL<br>d/b/a CARLE HEALTH,<br><br>    Defendants. | Case No. 25-cv-02082 |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, The Carle Foundation Hospital ("Carle")[1], by Counsel, as its Answer to the specific allegations in the enumerated paragraphs in the Complaint, responds as follows:

### INTRODUCTION

1.    This is a class action under the Uniformed Services Employment and Reemployment Rights Act ("USERRA'), 38 U.S.C. § 4301 *et seq.,* on behalf of all current and former full-time employees of Defendant THE CARLE FOUNDATION dba CARLE HEALTH (referred to as "CARLE" or "Defendant') who took short-term military leave from CARLE since 2004 and did not receive compensation and/or paid leave from CARLE during such short-term military leave.

**ANSWER:**    Carle admits that Plaintiff purports to bring a class action arising under USERRA, but denies any violation of the same, and denies that this matter is appropriate for resolution on a class basis.

2.    38 U.S.C. § 4316(b) requires that military servicemembers who take leaves of absence from their civilian employers to perform qualified military service be treated no less

---

[1] Carle is incorrectly identified in the caption of the Complaint as utilizing the d/b/a of Carle Health.

favorably than employees who take other comparable forms of leave that an employer provides. Accordingly, servicemember employees who take military leave must receive the same "rights and benefits" during such military leave as employees who take comparable leaves, such as for jury duty, illness, or the death of a family member. 38 U.S.C. § 4316(b); 20 C.F.R § 1002.150. Paid leave, pay, and/or wages are among the "rights and benefits" that must be provided equally to employees on military leave and comparable non-military leaves. *See* 38 U.S.C. § 4303(2).

    **ANSWER:**    The allegations set forth in Paragraph 2 of the Complaint set forth legal conclusions to which no response is required.  Further the statutes and regulations cited in Paragraph 2 speak for themselves and Carle denies any allegation inconsistent therewith.

    3.    CARLE has violated 38 U.S.C. § 4316(b) by paying compensation to CARLE employees who take leave for non-military reasons, such as vacation, sick leave, and casual leave but not providing any compensation to CARLE servicemember employees who take short-term military leave.

    **ANSWER:**    Carle denies the allegations set forth in Paragraph 3 of the Complaint.

    4.    Due to CARLE's violations, Plaintiff and other servicemembers employed by CARLE have received less compensation than they would have received had CARLE provided them with pay during their short-term military leave on an equal basis as employees who took other comparable forms of non-military leave.

    **ANSWER:**    Carle denies the allegations set forth in Paragraph 4 of the Complaint.

    5.    This action seeks: (a) a declaration that CARLE violated USERRA by failing to provide Class Members with pay during their short-term military leave despite providing pay for comparable forms of leave; (b) an order requiring CARLE to pay servicemembers on short-term military leave as it does to comparable forms of leave; and (c) an order requiring CARLE to

recalculate and pay compensation to Plaintiff and other members of the Class consistent with USERRA.

**ANSWER:**    Carle denies that it violated applicable law in relation to Plaintiff, and denies that this matter is appropriate for resolution on a class basis.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction pursuant to 38 U.S.C. § 4323(b)(3), which gives the district courts of the United States jurisdiction over a USERRA action brought against a private employer. This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under a federal law.

**ANSWER:**    Carle admits that this Court has jurisdiction over this matter.

7.    This Court has personal jurisdiction over Defendant. There is personal jurisdiction over Defendant because a substantial portion of the Plaintiff's claims arise out of or relate to the Defendant's contacts with Illinois.

**ANSWER:**    Carle admits that it is subject to the personal jurisdiction of this Court.

8.    Venue is proper under 38 U.S.C. § 4323(c)(2), because Defendant is a private employer that maintain a places of business within this District. Venue is also proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims in this action occurred in this District.

**ANSWER:**    Carle admits that venue is proper.

## PARTIES

9.    Plaintiff Dominick Polizzi was employed as a paramedic for CARLE from approximately January 4, 2021 to August 18, 2022. While working for CARLE, Plaintiff was also

3

in the Illinois Army National Guard, where he presently continues to serve. Throughout the duration of his military service while employed by CARLE, Plaintiff routinely took short periods of leave to perform his obligations with the Illinois Army National Guard. For example, Plaintiff took unpaid time off for 7.75 hours (reported on the April 2, 2021 pay date); 72 hours (reported on the May 28, 2021 pay date); 24 hours (reported on the July 9, 2021); and 47 hours (reported on the August 20, 2021 pay date). Plaintiff's 2021 training schedule for the Illinois Army National Guard included the following dates: January 23-24; March 1-6; May 11-15; June 26-27; August 9-September 5; and September 18-19. Plaintiff resides in Elmhurst, Illinois and worked for CARLE in Illinois.

**ANSWER:**    Carle admits that Plaintiff was employed by it as a paramedic from January 4, 2021 until December 31, 2021, at which point Plaintiff became an employee of Carle Health Care Incorporated until his employment ended on August 18, 2022.  Carle lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 of the Complaint and the same are therefore denied.

10.    Defendant CARLE is a healthcare provider founded in Urbana, Illinois, with over 16,800 employees working across Illinois, Indiana, Washington, and North Carolina. CARLE is an employer within the meaning of 38 U.S.C. § 4303(4)(A). At all times during Plaintiff's employment with CARLE, CARLE employed Plaintiff and controlled his work opportunities, including the rights and benefits he received during periods of short-term military leave.

**ANSWER:**    Carle admits that it is an employer within the meaning of 38 U.S.C. § 4303(4)(A).  Carle admits that during the time it employed Plaintiff, it controlled the terms and conditions of his employment.  Carle denies the remaining allegations set forth in Paragraph 10 of the Complaint.

4

## CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

> All current and former full-time employees of CARLE who took short-term military leave (periods of 14 days or fewer) from their employment with CARLE at any time through the date of judgment in this action.

**ANSWER:**    Carle admits that Plaintiff purports to bring a class action pursuant to Rule 23, but denies that this matter is appropriate for resolution on a class basis.

### Impracticality of Joinder

12.    The members of the Class are so numerous that joinder of all members is impracticable. Defendant CARLE is a large healthcare provider, employing over 16,800 employees working across Illinois, Indiana, Washington, and North Carolina.

**ANSWER:**    Carle denies the allegations set forth in Paragraph 12 of the Complaint.

### Commonality

13.    The central question in this case that will generate a common answer as to the Class is whether CARLE's policy or practice of failing to pay servicemember employees during periods of short-term military leave violates 38 U.S.C. § 4316(b) because CARLE pays employees who take other forms of comparable leave.

**ANSWER:**    Carle admits that it provides some employees various forms of paid leave, but denies the remaining allegations set forth in Paragraph 13 of the Complaint.

14.    Plaintiff's claim raises subsidiary common questions, including: (a) whether short-term military leave is comparable to other forms of leave for which CARLE fully or partially pays its employees; and (b) whether CARLE's violations of USERRA were willful, such that it should be required to pay liquidated damages to Plaintiff and the Class Members.

5

**ANSWER:**    Carle denies the allegations set forth in Paragraph 14 of the Complaint.

15.    Because CARLE adopted and applied a policy or practice of not providing pay to its servicemember employees during periods of short-term military leave while paying employees who took other comparable forms of leave, answers to these questions will produce common answers for all members of the Class.

**ANSWER:**    Carle denies the allegations set forth in Paragraph 15 of the Complaint.

16.    As CARLE acted in a uniform way with respect to the Class, all members of the Class suffered the same type of injury based on a single policy or practice and resolving the claims of the Class will be based on common legal and factual questions.

**ANSWER:**    Carle denies the allegations set forth in Paragraph 16 of the Complaint.

**Typicality**

17.    Plaintiff's claims are typical of the other members of the Class because the claims challenge a policy or practice by which CARLE failed to pay its servicemember employees during periods of short-term military leave while paying employees who took other comparable forms of leave.

**ANSWER:**    Carle denies the allegations set forth in Paragraph 17 of the Complaint.

18.    CARLE has no unique defenses against the Plaintiff that would interfere with Plaintiffs representation of the Class.

**ANSWER:**    Carle denies the allegations set forth in Paragraph 18 of the Complaint.

**Adequacy**

19.    Plaintiff will fairly and adequately protect the interests of other members of the Class.

**ANSWER:**    Carle denies the allegations set forth in Paragraph 19 of the Complaint.

20.    Plaintiff does not have any conflict with any other member of the Class.

6

**ANSWER:**    Carle denies the allegations set forth in Paragraph 20 of the Complaint.

21.    Plaintiff is represented by counsel with significant experience in prosecuting class action litigation.

**ANSWER:**    Carle lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and the same are hereby denied.

**Rule 23(6)(2)**

22.    The claims can be certified as a class action under Rule 23(b)(2) under the Federal Rules of Civil Procedure because Defendant has acted and/or failed to act on grounds generally applicable to the Class making declaratory and injunctive relief appropriate with respect to the Class as a whole.

**ANSWER:**    Carle denies the allegations set forth in Paragraph 22 of the Complaint.

23.    Defendant maintained a uniform policy or practice as to all members of the Class. Defendant is alleged to have violated USERRA by refusing to pay its employees during periods of short-term military leave on an equivalent basis to other comparable forms of leave. As such, Defendant has acted or refused to act on grounds that apply generally to the Class. As a result, final declaratory and injunctive relief is appropriate with respect to the Class as a whole.

**ANSWER:**    Carle denies the allegations set forth in Paragraph 23 of the Complaint.

24.    The relief sought consists of (a) a declaration that Defendant violated USERRA by failing to pay its employees during periods of short-term military leave despite paying employees other forms of non-military leave (b) an order requiring Defendant to recalculate and pay compensation to Class Members consistent with the requirements of USERRA.

**ANSWER:**    Carle admits that Plaintiff seeks the relief set forth in Paragraph 24 of the Complaint, but denies that Plaintiff is entitled to the same.

**Rule 23(b)(3)**

25.     The claims can be certified as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because the questions of law and fact common to the members of the Class predominate over questions affecting only individual members and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

**ANSWER:**    Carle denies the allegations set forth in Paragraph 25 of the Complaint.

26.     The common questions of law and fact concern whether CARLE's policy or practice of failing to pay its servicemember employees during periods of short-term military leave on an equivalent basis to employees who took other comparable forms of leave violated USERRA. As the members of the Class were all employees who took short-term military leave, their right to pay during such short-term military leave was uniformly affected by CARLE's violations, and common questions related to liability will necessarily predominate over any individual questions related to liability.

**ANSWER:**    Carle denies the allegations set forth in Paragraph 26 of the Complaint.

27.     A class action is superior to other available methods for the fair and efficient resolution of this controversy. By bringing these claims together in a single class proceeding, the issues will be efficiently resolved. Without class certification, other litigation may produce inconsistent judgments regarding Defendant's USERRA obligations.

**ANSWER:**    Carle denies the allegations set forth in Paragraph 27 of the Complaint.

28.     The members of the Class have an interest in a single adjudication of the issues presented in this action. Additionally, many members of the Class are unlikely to have a sufficient amount of individual damages to justify pursuing an individual action in federal court or to obtain counsel to pursue an individual action, but all members of the Class would benefit from a class action that obtains relief for all members of the Class.

8

**ANSWER:**    Carle denies the allegations set forth in Paragraph 28 of the Complaint.

29.    This is an appropriate forum for these claims because, among other reasons, jurisdiction and venue are proper.

**ANSWER:**    Carle denies the allegations set forth in Paragraph 29 of the Complaint.

## FACTUAL ALLEGATIONS

30.    38 U.S.C. § 4316(bX1) provides that "a person who is absent from a position of employment by reason of service in the uniformed services chill be"

> (A)    deemed to be on furlough or leave of absence while performing such service; and

> (B)    entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

38 U.S.C. § 4316(b)(1).

**ANSWER:**    The allegations set forth in Paragraph 30 of the Complaint set forth legal conclusions to which no response is required.  Further the statutes and regulations cited in Paragraph 30 speak for themselves and Carle denies any allegation inconsistent therewith.

31.    Accordingly, if an employer provides non-seniority rights and benefits to similarly situated employees who take comparable non-military leave, including pay, 38 U.S.C. §4316(b)(1) requires the employer to provide those same "rights and benefits" to employees during their periods of military leave. *Id.; see also* 38 U.S.C. § 4303(2); 20 C.F.R. § 1002.150(a).

**ANSWER:**    The allegations set forth in Paragraph 31 of the Complaint set forth legal conclusions to which no response is required.  Further the statutes and regulations cited in Paragraph 31 speak for themselves and Carle denies any allegation inconsistent therewith.

32.    As the Department of Labor's implementing regulations state, the "most significant factor to compare" two types of leave to determine whether they are a "comparable form of leave" under USERRA is "the duration of the leave." 20 C.F.R. § 1002.150(b). In addition, "other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered." *Id.*

**ANSWER:**    The allegations set forth in Paragraph 32 of the Complaint set forth legal conclusions to which no response is required.  Further the statutes and regulations cited in Paragraph 32 speak for themselves and Carle denies any allegation inconsistent therewith.

33.    CARLE failed to pay Plaintiff and the members of the Class during each period in which they took short-term military leave from 2004 to the present.

**ANSWER:**    Carle lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint and the same are therefore denied.

34.    Throughout the relevant time period, CARLE employees working twenty (20) hours or more per week are provided with paid vacation time. After ninety (90) days of employment, said employees are eligible to use any accrued vacation time.

**ANSWER:**    Carle objects to Paragraph 34 of the Complaint to the extent the term "relevant time period" is undefined and prevents Carle from answering.  Without waiving that objection, Carle denies that allegations set forth in Paragraph 34 of the Complaint accurately state its vacation policy.

35.    Throughout the relevant time period, full-time CARLE employees that work at least thirty (30) hours per week are eligible to receive eight hours of sick leave. After ninety (90) days of employment, said employees are eligible to use any accrued sick time.

**ANSWER:**     Carle objects to Paragraph 35 of the Complaint to the extent the term "relevant time period" is undefined and prevents Carle from answering.  Without waiving that objection, Carle denies that allegations set forth in Paragraph 35 of the Complaint accurately state its sick time policy.

36.     Throughout the relevant time period, CARLE has provided employees who work thirty-six (36) hours or more per week with one day as a paid personal holiday, which can be used after ninety (90) days of employment.

**ANSWER:**     Carle objects to Paragraph 36 of the Complaint to the extent the term "relevant time period" is undefined and prevents Carle from answering.  Without waiving that objection, Carle denies that allegations set forth in Paragraph 36 of the Complaint accurately state its personal holiday policy.

37.     Vacation, sick leave, and personal holidays are all comparable to short-term military leave in terms of their duration, purpose, and the ability of the employee to choose when to take the leave.

**ANSWER:**     Carle denies the allegations set forth in Paragraph 37 of the Complaint.

38.     For employees of CARLE, the duration of vacation, sick leave, and personal holidays are comparable to duration of short-term military leave. These types of leaves last several days.

**ANSWER:**     Carle lacks knowledge or information sufficient to know what Plaintiff intends the term "short-term military leave" to mean, and the allegations set forth in Paragraph 38 of the Complaint are therefore denied.  In further answering, Carle asserts that whether various forms of leave are comparable is a legal conclusion to which no response is required, and the

statutes and regulations applicable to this issue speak for themselves and Carle denies any allegation inconsistent therewith.

39.    After ninety (90) days of employment with the company, CARLE employees working over thirty (30) hours are eligible to use accrued sick time.

**ANSWER:**    Carle denies that allegations set forth in Paragraph 39 of the Complaint accurately state its sick time policy.

40.    After ninety (90) days of employment with the company, CARLE employees working over twenty (20) hours or more per week are eligible to use any accrued vacation time.

**ANSWER:**    Carle denies that allegations set forth in Paragraph 40 of the Complaint accurately state its sick time policy.

41.    After ninety (90) days of employment with the company, CARLE employees working over thirty-six (36) hours or more per week are eligible to use one day of leave as a paid personal holiday.

**ANSWER:**    Carle denies that allegations set forth in Paragraph 41 of the Complaint accurately state its personal holiday policy.

42.    Vacation, sick leave, and personal holidays are also comparable to short-term military leave in their purpose. For example, illness, the various and often unexpected circumstances that requires an employee to take a personal holiday, sick leave, or vacation days (a short-term leave of absence from work to do what they want, such as travel or relax), can prevent an employee from performing their job duties similar to military duty.

**ANSWER:**    Carle lacks knowledge or information sufficient to know what Plaintiff intends the term "short-term military leave" to mean, and further lacks knowledge or information to form a belief as to the truth of allegations regarding why and under what conditions individuals

take various forms of leave, and the allegations set forth in Paragraph 42 of the Complaint are therefore denied.

43.    Vacation, sick leave, and personal holidays are comparable to short-term military leave, in terms of the ability of the employee to choose when to take the leave. Taking vacation is leave taken from work, often for travel or relaxation. Sick leave is typically taken due to a short-term, involuntary medical condition the prevents an employee from working. A personal holiday is often taken due to expected or unexpected personal reasons or unforeseen circumstances. Similarly, short-term military leave occurs involuntarily, arising due to a servicemember's obligation to perform military service as directed by the military.

**ANSWER:**    Carle lacks knowledge or information sufficient to know what Plaintiff intends the term "short-term military leave" to mean, and further lacks knowledge or information to form a belief as to the truth of allegations regarding why and under what conditions individuals take various forms of leave, and the allegations set forth in Paragraph 43 of the Complaint are therefore denied.

44.    CARLE's policy or practice of refusing to pay servicemembers when they take short-term military leave, while continuing to pay employees who take other comparable forms of non-military leave, violates 38 U.S.C. § 4316(b), because Defendant denies servicemembers the same non-seniority "rights and benefits" that it provides to similarly situated employees who are on furlough or leave of absence. 38 U.S.C. § 4316(6); *see also* 38 U.S.C. § 4303(2).

**ANSWER:**    The allegations set forth in Paragraph 44 of the Complaint set forth legal conclusions to which no response is required.  Further the statutes and regulations cited in Paragraph 44 speak for themselves and Carle denies any allegation inconsistent therewith.

45.     This policy has unlawfully denied CARLE's servicemember employees the pay that they should have received when they engaged in short-term military leave compared to employees who received pay when they take vacation, are engaged in sick leave, taking a personal holiday, or other comparable forms of non-military leave.

**ANSWER:**    Carle denies the allegations set forth in Paragraph 45 of the Complaint.

46.     At all times during Plaintiff Dominick Polizzi's employment with CARLE, Plaintiff has been in military service with the Illinois Army National Guard. Since he began working for CARLE in 2021, he has satisfied his military service requirements, engaging in multiple scheduled trainings throughout the year. For several of these trainings Plaintiff was forced to take unpaid leave from his position at CARLE because CARLE did not provide paid short-term military leave.

**ANSWER:**    Carle admits that it did not provide a paid leave benefit based on military service, but denies any implication that any form of paid military leave is required under the law. Carle lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 46, and the same are therefore denied.

## COUNT 1
## VIOLATION OF USERRA, 38 U.S.C. § 4316(6)(1)
### (On Behalf of the Class)

47.     Plaintiff hereby repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

**ANSWER:**    Carle reasserts its answers to the foregoing paragraphs as though fully set forth herein.

48.     USERRA, 38 U.S.C. § 4316(b)(1), provides that "a person who is absent from a position of employment by reason of service in the uniformed services <u>shall</u> be (a) deemed to be on furlough or leave of absence while performing such service; and (b) entitled to such other rights

14

and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service."

**ANSWER:**    The allegations set forth in Paragraph 48 of the Complaint set forth legal conclusions to which no response is required.  Further the statutes and regulations cited in Paragraph 48 speak for themselves and Carle denies any allegation inconsistent therewith.

49.    Paid leave, pay, wages, and/or salary are among the "rights and benefits" defined in 38 U.S.C. § 4303(2) that must be provided equally to servicemembers who take military leave and employees who take other comparable forms of non-military leave, pursuant to 38 U.S.C. § 4316(6), 38 U.S.C. § 4316(6).

**ANSWER:**    The allegations set forth in Paragraph 49 of the Complaint set forth legal conclusions to which no response is required.  Further the statutes and regulations cited in Paragraph 49 speak for themselves and Carle denies any allegation inconsistent therewith.

50.    The Department of Labor's regulation that implements and interprets 38 U.S.C. § 4316(b)(1) provides that "[i]f the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services." 20 C.F.R § 1002.150(b).

**ANSWER:**    The allegations set forth in Paragraph 50 of the Complaint set forth legal conclusions to which no response is required.  Further the statutes and regulations cited in Paragraph 50 speak for themselves and Carle denies any allegation inconsistent therewith.

51.    The types of leave for which CARLE has provided employees paid leave—including vacation, sick leave, and personal holidays—are comparable to short-term military leave in terms of the duration, purpose, and the ability of the employee to determine whether to take the leave.

**ANSWER:**    Carle denies the allegations set forth in Paragraph 51 of the Complaint.

52.    By adopting and applying a policy or practice of not paying servicemember employees who take short-term military leave, CARLE denied Plaintiff and the Class the same "rights and benefits" that CARLE provided to employees who take other comparable forms of non-military leave. Thus, CARLE failed to provide employees on short-term military leave the most favorable treatment that CARLE afforded employees on other comparable forms of non-military leave. By doing so, CARLE violated 38 U.S.C. § 4316(b)(1).

**ANSWER:**    Carle denies the allegations set forth in Paragraph 52 of the Complaint.

53.    Due to CARLE's failure to comply with 38 U.S.C. § 4316(b)(1), Plaintiff and other members of the Class have received less compensation than they would have received had Defendant complied with USERRA and the Department of Labor's regulations.

**ANSWER:**    Carle denies the allegations set forth in Paragraph 53 of the Complaint.

54.    Upon information and belief, Defendant's violations of 38 U.S.C. § 4316(b)(1) were willful.

**ANSWER:**    Carle denies the allegations set forth in Paragraph 54 of the Complaint.

WHEREFORE, Defendant The Carle Foundation Hospital prays that the Court enter an order dismissing the Complaint with prejudice, awarding Defendant is reasonable attorneys' fees and costs incurred in defending this matter, and for such other and further relief the Court deems proper.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, Defendant assert the following defenses.  In asserting these defenses, Defendant does not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.  Defendant reserves the right to assert additional and/or affirmative defenses in the future as additional facts are discovered.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any claims raised by Plaintiff that accrued beyond the applicable statute of limitations are barred.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff was not eligible for paid leave, he lacks standing to bring this action on behalf of himself or others.

### FOURTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff failed to mitigate his alleged damages, and any relief must be reduced by the amount of any earnings, compensation, and benefits that Plaintiff received during the relevant time period.

### FIFTH AFFIRMATIVE DEFENSE

Any conduct allegedly taken by Defendant with respect to Plaintiff would have been taken regardless of Plaintiffs military status, service and/or activity.

## <u>SIXTH AFFIRMATIVE DEFENSE</u>

Each of the claims raised by Plaintiff is barred, in whole or in part, by the doctrine of estoppel.

## <u>SEVENTH AFFIRMATIVE DEFENSE</u>

Each of the claims raised by Plaintiff is barred, in whole or in part, by the doctrine of laches.

WHEREFORE, Defendant The Carle Foundation Hospital prays that the Court enter an order dismissing the Complaint prejudice, awarding Defendant is reasonable attorneys' fees and costs incurred in defending this matter, and for such other and further relief the Court deems proper.

Dated: April 18, 2025                    Respectfully submitted,

POLSINELLI PC
*/s/ Scott M. Gilbert*
Scott M. Gilbert
Polsinelli PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
312.463.6375
sgilbert@polsinelli.com
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 18, 2025, the foregoing was electronically filed with the Clerk of the Court for the United States District Court for the Central District of Illinois using the Case Management/Electronic Case Filing System, which will provide notice to all current registered counsel of record.

*/s/ Scott M. Gilbert*    
Scott M. Gilbert
